**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | | |
|---|---|---|
| JOE EDWIN CLEM, | ) | |
| ADC # 120839 | ) | |
|    Petitioner, | ) | **Case No. 5:11-CV-00235 DPM-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

     The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner Joe Clem on September 8, 2011 (Doc. No. 2). A response was filed by Respondent Ray Hobbs on October 11, 2011 (Doc. No. 10). Petitioner did not file a reply.    After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On May 1, 2001, Petitioner was convicted by a jury of one count of rape and three counts of being an accomplice to rape in the Craighead County (Arkansas) Circuit Court. The victims were Petitioner's son and daughter who were both under the age of fourteen, and he was sentenced to three life sentences and one term of forty years' imprisonment in the Arkansas Department of Correction. Petitioner directly appealed his conviction to the Arkansas Supreme Court, but the conviction was affirmed in an opinion issued November 21, 2002. *Clem v. State*,

351 Ark. 112, 90 S.W.3d 428 (2002).

On January 24, 2003, Petitioner filed a motion for postconviction relief pursuant to Ark. R. Crim. P. 37.1, presenting two arguments of ineffective assistance of counsel. That motion was denied on September 10, 2003. Petitioner's subsequent appeal was dismissed by the Arkansas Supreme Court on October 7, 2004. *Clem v. State*, 2004 WL 2252109 (Ark. Oct. 7, 2004). Although the court found that Petitioner had filed his notice of appeal in a timely manner, the action was dismissed because he could not show good cause for failing to lodge the record within the ninety day period under Rule 5(a) of the Arkansas Rules of Appellate Procedure-Civil.

On December 12, 2010, Petitioner filed a petition for state habeas corpus. That petition was denied for failure to state a claim upon which relief may be granted on February 28, 2011. His subsequent appeal was denied by the Arkansas Supreme Court on July 27, 2011. *Clem v. Hobbs*, 2011 Ark. 311, 2011 WL 3135996.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that he was denied the effective assistance of counsel due to his attorney's 1) dual representation of Petitioner and his wife and 2) allowing the prosecutor to call his wife as a witness in exchange for leniency. The merits of these arguments will not be addressed because they are time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's appeal was denied by the Arkansas Supreme Court on November 21, 2002, and the limitations period

would normally have begun to run ninety[1] days later.  However, Petitioner's January 24, 2003

Rule 37 petition tolled the limitations period because § 2244 excludes the "time during which a

properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Because Petitioner's notice of

appeal was timely, the limitations period did not begin to run until the Arkansas Supreme Court

denied his Rule 37 appeal on October 7, 2004.[2]  Thus, Petitioner was required to file his federal

habeas petition by October 7, 2005.  His federal petition was not filed until September 8, 2011,

and the limitations period had expired long before his December 12, 2010 petition for state

habeas corpus.

There are certain statutory exceptions to the one-year period of limitation, and Petitioner

alleges that he is entitled to an exception because he did not discover his claims until September

of 2010. *See* 28 U.S.C. § 2244(d)(1) D) (explaining that the limitations period shall begin to run

on "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence").  Petitioner's bare allegation fails for several

---

[1]

Supreme Court Rule 13.1 (explaining that a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

[2]

*See Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (citing *Carey v. Saffold*, 536 U.S. 214 (2002); *Id.* at 192 ("*If the filing of the appeal is timely*, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1–year AEDPA time limit.") (emphasis added); *Id.* at 197 ("In *Saffold*, we held that (1) only a *timely* appeal tolls AEDPA's 1–year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court . . . ."); *Saffold*, 536 U.S. at 219-26 (holding an application for state collateral review is pending during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court).  The Arkansas Supreme Court's subsequent dismissal for Petitioner's failure to timely lodge the record may actually mean that the limitations period began on September 10, 2003, but the Court will presume that this was not the case in order to demonstrate that the action is time barred under even the most optimistic scenario.

reasons.  First, he has failed to provide any specifics regarding when he discovered the new information[3] or why he was previously unable to discover that information.   Second, there is no reason that the factual predicate of his two claims could not have been immediately "discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  "The factual predicate of a petitioner's claims constitutes the vital facts underlying those claims." *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) (quoting *McAleese v. Brennan,* 483 F.3d 206, 214 (3rd Cir. 2007)). Petitioner was present at trial when his wife testified, and he made arguments concerning his attorney's alleged conflict of interest in his 2003 Rule 37 petition (Resp. Ex. F, at 7, Doc. No. 10).

There is also no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").  Petitioner brought the current action nearly six years after the limitations period had expired, and he has failed to provide any reasons why the Court would be able to consider his claims.  Accordingly, the Court finds that the Petitioner's claims are time barred.

Petitioner's claims are also procedurally barred.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).  "[W]e ask not only

---

[3]  If due diligence would have allowed him to make his discovery at any time during the first week of September, his petition would still be time barred.

whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

As noted above, Petitioner's Rule 37 petition argued that he received ineffective assistance of counsel due to the conflict of interest from his attorney's dual representation, but Petitioner's appeal of the initial court's decision was untimely.  The second argument, which concerns his wife's testimony, was never properly raised at the state level.  His subsequent attempt to raise these arguments in his state habeas petition was dismissed because habeas petitions are not the appropriate avenue for raising ineffective assistance of counsel claims under Arkansas law.  Thus, he failed to invoke "one complete round of the State's established appellate review process," and his arguments are procedurally defaulted. *O'Sullivan*, 526 U.S. at 845.

Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch*, 616 F.3d at 760 (internal citations omitted).  Thus, Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of his claims.

//

//

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 29th day of May, 2012.

_____
United States Magistrate Judge